UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOUSSAN PROPERTIES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-5508** |
| **DOUSSAN GAS AND SUPPLY, LLC<br>GAS HOLDINGS, INC. AND<br>UNION INDUSTRIAL GAS AND SUPPLY, INC.** | **SECTION "C"(1)** |

The defendant, Jeffrey S. Ellis, filed a Motion to Dismiss pursuant to FRCP 12(b)(6), which came before the Court for hearing on November 14, 2007. Oral argument was not entertained by the Court. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

**I   BACKGROUND**

Plaintiff, Doussan Properties, LLC ("Doussan"), owned the property situated at 2525 St. Bernard Avenue in New Orleans, Louisiana. On or about August 29, 2005, the property, which consists of a large warehouse and executive offices for tenants' regional business enterprise, was damaged by Hurricane Katrina. The damage allegedly exceeded the $500,000 of available insurance on the structure. Plaintiff maintains that Union Industrial Gas & Supply, Inc. ("Union"), Doussan Gas and Supply, L.L.C. ("DGS"), and Gas Holdings, Inc. ("GHI") were

parties to a lease agreement, which required them to insure the Property in an amount "not less than ninety percent (90%) of the full insurable value of the buildings and other improvements." Doussan estimates the insurable value of the property at $8,365,795.00.

On July 5, 2007, Doussan filed suit against Union, DGS and GHI for their alleged breach of contract in underinsuring the property. Additionally, Doussan named Jeffrey S. Ellis ("Ellis"), the President of Union and DGS and the manager of GHI, as a defendant and alleged:

XXI.

> During the course of the lease defendant Ellis served as the principal manager of DGS, Union, and GHI or communicated to plaintiff that he was responsible for all matters relating to the lease of the property.

XXI. (sic)

> In carrying out his duties as manager he traveled to Louisiana on many occasions for the purpose of managing the leased property and met with plaintiff to negotiate lease extensions, negotiate rents, and to discuss other matters related to the leased property.

XXII.

> Ellis, on behalf of DGS, Union, and/or GHI was a signatory to amendments to the lease agreement.

XXIII.

> As manager and supervisor of DGS, Union, and/or GHI with respect to the leased property, Ellis had a duty to ensure that the terms of the lease agreement were fulfilled by Defendants.

XXIV.

> Ellis was aware of the contractual provision in the lease agreement requiring the defendant to carry adequate insurance coverage for the property and he

intentionally refused and/or negligently refused to ensure that adequate coverage was obtained.

### XXV.

Due to this breach of duty owed to the Plaintiff, Ellis is personally liable for all damages sustained by Plaintiff as a result of his failure to ensure that the property was adequately insured.

See Doussan's *Petition for Damages* (Rec. Doc. 1, Attachment 1).

Doussan later filed a Supplemental and Amending Complaint, which states:

### XXVII.

Ellis is personally liable to Plaintiff for the intentional and unjustified interference of the lease contract existing between Plaintiff and Defendant tenants.

### XXVIII.

Plaintiff and Defendants were parties to a valid lease agreement for the Property.

### XXIX.

Ellis had knowledge of the lease contract and its provisions; specifically the provision in the lease contract requiring Defendants to carry sufficient flood insurance on the Property.

### XXX.

Ellis intentionally induced Defendants to breach the lease agreement by instructing Defendants to reject or refuse to procure adequate flood insurance on the Property in direct violation of the terms of the lease agreement.

### XXXI.

Ellis' actions were not justified. Indeed, a shareholder derivate (sic) action has been brought on behalf of James Sowell, shareholder of defendant DOUS, L.L.C., against Ellis

>for breach of fiduciary obligations owed to DOUS, L.L.C., in conjunction with the failure to procure adequate flood insurance on the Property. (A copy of the derivative suit is attached herein as Exhibit "A").

>XXXII.

>As a result of Ellis' actions in causing a breach of the lease agreement Plaintiff has suffered damages due to the failure of Defendants to adequately insure the property, and Ellis is liable to Plaintiff for the full insurable value of the property.

See Douson's Second Supplemental and Amended Complaint (Rec. Doc. 22).

Ellis filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) contending that Doussan's Petition for Damages and First Supplemental and Amending Petition for Damages fail to state a claim upon which relief can be granted against Ellis, because at all times material hereto, Ellis acted within his authority as the President and/or manager of Union, DGS and GHI.  Accordingly, Ellis claims he did not owe a duty to Doussan, a third party, and he is not personally liable to same.

## II. LAW AND ANALYSIS OF THE COURT

### A. RULE 12(B)(6)

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true.  Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1980).  A district court may not dismiss a complaint under FRCP 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80

(1957); Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995). The Fifth Circuit defines this strict standard as, "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Lowrey v. Texas A&M University System, 117 F.3d 242 (5th Cir. 1997), citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969).

**B.     ANALYSIS**

The Louisiana Supreme Court has long held that officers and directors do not owe a fiduciary duty to third parties, and cannot be held liable for negligence or omission of duty to third parties for harm resulting from acts done on behalf of an entity. *Korson v. Independence Mall I, LTD.,* 595 So.2d 1174, 1178 (La.App. 5 Cir. 1992), citing *Allen v. Cochran,* 160 La. 425, 107 So. 292 (1926) and *Wirth v. Albert,* 174 La. 373, 141 So. 1 (1932). In *Wirth,* the Louisiana Supreme Court held that officers are only responsible to the employing entity itself, and that "a creditor of a corporation has no right of action against the corporation's agents for gross negligence or maladministration of corporate affairs or omission of duty." *Wirth*, 141 So. 4.

Moreover, the United States Fifth Circuit has reaffirmed that Louisiana law does not provide third parties with a cause of action against directors and officers for negligence, mismanagement, breach of fiduciary duty, or for debts of the employer. *Louisiana World Exposition v. Federal Insurance Co.,* 858 F.2d 233, 239-40 (5th Cir.1988). Officers, employees and agents owe no duties to third parties, and cannot be found liable to third parties for their negligent acts and omissions in a commercial context. *Unimobil 84, Inc. v. Spurney,* 797 F.2d 214, 215-17 (5th Cir.1986).

5

Plaintiff is correct, however, in its contention that Louisiana law recognizes a cause of action against a manager, officer, or executive of a corporate entity for the intentional and unjustified interference with contractual relations. In *9 to 5 Fashions, Inc. v. Spurney*, the Louisiana Supreme Court ruled that an officer of a corporation owes an obligation to a third person having a contractual relationship with the corporation to refrain from acts intentionally causing the company to breach the contract, unless the officer has reasonable justification for his conduct. *9 to 5 Fashions v. Spurney*, 538 So.2d 228, 231(La. 1989). However, the Court goes on to state that "[t]he officer's action is justified, and he is entitled to a privilege of immunity, if he acted within the scope of his corporate authority and in the reasonable belief that his action was for the benefit of the company." *Id.* Thus, an officer is privileged to induce the corporation to violate a contractual relation, or make its performance more burdensome, provided that the officer does not exceed the scope of his authority or knowingly commit acts that are adverse to the interest of his corporation. *Id.*

In the instant matter, in order to state a claim upon which relief can be granted against Ellis personally, Doussan must specifically allege facts that suggest Ellis (1) exceeded the scope of his authority or (2) knowingly committed acts adverse to the interests of his corporation in procuring that subject insurance policy.

It has not been alleged that Ellis acted beyond the scope of his authority as Union, DGS and GHI's mandatary with respect to the lease agreement. Rather, plaintiff alleges that "[d]uring the course of the lease defendant Ellis served as the principal manager of DGS, Union, and GHI or communicated to plaintiff that he was responsible for all matters relating to the

6

lease of the property." See *Petition for Damages* at ¶ XXI.  Further, Doussan alleges that "Ellis, on behalf of DGS, Union, and/or GHI was a signatory to amendments to the lease agreement." See *Petition for Damages* at ¶ XXII.  Pursuant to Louisiana Civil Code article 3016, which states that in Louisiana, a "mandatary who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract," Ellis acted within the scope of his authority as President of Union and DGS and Manager of GHI.

Evaluating the next criteria, the Court must determine whether Doussan has alleged facts to suggest that Ellis knowingly committed acts adverse to the interests of his corporation in procuring the subject insurance policy.  Because an officer is privileged under Louisiana law to induce the corporation to violate a contractual relation, the defendant argues that the plaintiffs must have alleged that Ellis knew his actions were adverse to the company at the time, which they have not properly done.  The plaintiff maintains that Ellis "intentionally induced Defendants to breach the lease agreement by instructing Defendants to reject or refuse to procure adequate flood insurance on the Property in direction violation of the terms of the lease agreement."  See *Second Supplemental and Amended Complaint* at ¶ XXX.  Further, plaintiff maintains that "Ellis' actions were not justified" and alleges that "[a]s a result of Ellis' actions in causing a breach of the lease agreement Plaintiff has suffered damages."  See *Second Supplemental and Amended Complaint* at ¶¶ XXXI, XXXII.

Reading the allegations in the Petition and Second Supplemental and Amended Complaint as a whole, the Court finds that viewed in the light most favorable to the plaintiff, and with every doubt resolved in its behalf, the Petition and Second Supplemental and Amended

7

Complaint state a valid claim for relief.  While the Complaint is void of the specific language to allege that Ellis "knowingly committed acts adverse to the interests of his corporation," the allegations made by the plaintiff, that Ellis intentionally induced Defendants to breach the lease agreement by instructing Defendants to reject or refuse to procure adequate flood insurance on the Property in direction violation of the terms of the lease, that his actions were not justified, and that as a result of those actions, plaintiff has suffered damages, are sufficient to survive a Rule 12(b)(6) motion to dismiss.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss filed on behalf of the defendants is DENIED.

New Orleans, Louisiana, this 14th day of April, 2008.

	**HELEN G. BERRIGAN**
	**UNITED STATES DISTRICT JUDGE**