UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOUSSAN PROPERTIES L.L.C.                                          CIVIL ACTION

VERSUS                                                             NO. 07-5508

DOUSSAN GAS AND SUPPLY L.L.C., ET AL                               SECTION "C"(1)

### ORDER AND REASONS

Before the Court is Jeffrey S. Ellis' Motion for Summary Judgment on the Issue of Prescription. (Rec. Doc. 105).   The Court having considered the record, the memoranda and arguments of the parties, the law and applicable jurisprudence, hereby GRANTS the motion.

**I.    BACKGROUND**

The instant motion for summary judgment (Doc. 105) involves the issue of whether the claims against defendant Jeffrey S. Ellis ("Ellis") asserted by plaintiffs Doussan Properties, LLC, Leonard B. Doussan, Sr., Leonard B Doussan, Jr., and Jeffrey R. Doussan, (collectively "Doussan") are prescribed under Louisiana law.

Doussan owned property which was damaged by the winds and flood water associated with Hurricane Katrina and its aftermath on or about August 29, 2005.  Doussan submitted a flood claim in connection with the flood loss and collected the $500,000 limits of the policy covering the property.  Doussan asserts that under the lease agreement, it was the responsibility

of the leasing companies, Doussan Gas and Supply, L.L.C. Union Industrial Gas & Supply, Inc. And Gas Holdings, Inc. (collectively "Companies"), to obtain excess flood insurance on the Doussan property.

According to Doussan's own affidavit, he met with Ellis on November 15, 2005, to discuss "lack of insurance on the building" and interpreted Ellis's answers to mean that Ellis found it too expensive to obtain excess insurance on the properties.

On August 9, 2006, Doussan filed a Complaint in the Eastern District of Louisiana against the Companies for allegedly obtaining inadequate flood insurance on the Doussan property prior to Hurricane Katrina. This Complaint was dismissed without prejudice on July 30, 2007, for lack of subject matter jurisdiction.

On July 5, 2007, Doussan re-filed the subject lawsuit against the Companies in the Civil District Court for the Parish of Orleans. In this suit Ellis, the president of the Companies, was personally named as a defendant. In their July 5, 2007, Complaint, plaintiffs' claim that Ellis tortiously interfered with the contract between Doussan and the Companies.

**II.    LAW AND ANALYSIS**

Defendants correctly argue that the claim asserted against them, tortious interference with a contract is a delictual action subject to a one year prescription period. *SMP Sales Mgmt. Inc., v. Fleet Credit Corp.*, 960 F.2d 557, 559 (5th Cir.1992). Defendants are also correct in their

assertion that the prescription period begins to run "on the date the injured party discovers or should have discovered the facts upon which its cause of action is based." *Griffen v. Kinberger*, 507 So.2d 821, 823 (La. 1987).

    As presented in the record, the facts of this case indicate that this prescription period began no later than November 15, 2005. Defendant points to Plaintiff's own June 27, 2008, affidavit (Doc. 134-2) for the proposition that a conversation occurred between plaintiff and defendant regarding the acquisition of excess flood insurance for the Doussan property on November 15, 2005. Additionally, in sworn interrogatories (Doc. 134-3) conducted with the plaintiff on May 11, 2007, plaintiff admits in Interrogatory No. 8 that plaintiff and defendant met at the plaintiff's home within sixty (60) days of Hurricane Katrina. Assuming the facts in the light most favorable to the plaintiff, sixty days after Hurricane Katrina would place this meeting on October 29, 2005. It is clear from both the plaintiffs' affidavit (Doc. 134-2) and their sworn answers to interrogatories (Doc. 134-3), that the plaintiffs discovered facts in their meeting with the defendant in which they would have discovered the facts upon which their cause of action is based. Plaintiff argues that because the defendant disputed the facts surrounding this meeting as stated by the defendant in his affidavit, the defendant cannot use the plaintiff's own assertions against him. This weak proposition is without legal support and is rejected. Taking the dates in the light most favorable to the plaintiff, we will assume the meeting occurred at the latest

possible date asserted by the plaintiff, November 15, 2005.  Therefore, the plaintiffs' claims against Ellis prescribed one year later on November 15, 2006**,** before the July 5, 2007 naming Ellis as a defendant.

     Accordingly,

     **IT IS ORDERED** that Jeffrey S. Ellis' Motion for Summary Judgment on the Issue of Prescription is hereby **GRANTED**, dismissing plaintiffs' claims against Jeffrey S. Ellis with prejudice.  (Rec. Doc. 105).

     New Orleans, Louisiana, this 24th day of September, 2008.

                                       HELEN G. BERRIGAN
                                       UNITED STATES DISTRICT JUDGE