UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOUSSAN PROPERTIES, L.L.C.                    CIVIL ACTION

VERSUS                                        NO. 07-5508

DOUSSAN GAS AND SUPPLY L.L.C.,                SECTION "C" (1)
ET AL

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by James E. Sowell Co., L.P. d/b/a Sowell & Co., ("Sowell") Gas Holdings, Inc. ("GHI") and Union Industrial Gas and Supply, Inc. ("Union"). [1] Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment should be partially granted and partially denied for the following reasons.

The plaintiffs, Doussan Properties, L.L.C., Leonard B. Doussan, Sr., Leonard B. Doussan, Jr. and Jeffrey R. Doussan filed this removed suit seeking recovery for damage

---

[1] The Court does not construe the motion as directed toward any claim against Union prior to an April 2004 assignment and assumption; it appears that no such claim has been specified. (Rec. Docs. 159, p. 8; 191, p. 7).

1

alleged suffered because the defendants failed to properly insure the plaintiff's property against flood as required by a lease between Doussan Properties, L.L.C. and Doussan Gas and Supply, L.L.C., ("Doussan Gas")[2] now know as DOUS, L.L.C. ("DOUS").  The three moving defendants move for summary judgment on the basis that none of them are lessees, tenants or occupants under the lease at the relevant time and have no duty to the plaintiffs to insure the property or remove personal property under the lease between the Doussan Properties, L.L.C. and DOUS.  It is undisputed that there is no written contract between the plaintiffs and movers relative to the claims made.

The plaintiffs argue that Sowell, GHI and Union participated in "management and oversight" of Doussan Gas and "assumed" responsibility for maintaining insurance on the plaintiffs' property, and that because they "took on an independent duty" to the plaintiffs with regard to insurance procurement, they are also responsible in negligence. (Rec. Doc. 191, p. 3).   In general, the plaintiffs' argument relies entirely on evidence that the movers were paid fees by the plaintiffs, and that the "[d]efendants ran a close-knit operation involving many 'shell' companies who were managed and operated by the same individuals."  (Rec. Doc. 191, p. 7).  Specifically, the plaintiffs argue that although Union, which assigned the underlying lease to Doussan Gas in April 2004,

---

[2]     It is undisputed that Doussan Gas was a lessee at relevant times.

can not be liable under Texas Limited Liability Act for Doussan Gas's breach, both Union and GHI, formed in 2004 as parent company of Doussan Gas, "assumed" the obligation to procure insurance. The plaintiffs argue that GHI had no employees and its office was the same as Sowell's, and that the plaintiffs "will demonstrate at trial that Union and GHI were the same company for all practical purposes," and that by procuring insurance under the "Sowell/Union/GHI umbrella" became legally responsible under an otherwise unidentified "independent duty to procure sufficient coverage." (Rec. Doc. 191, p. 5). No legal authority for this duty is provided by the plaintiffs.

The parties agree that Sowell was a manager of the plaintiffs' property at the relevant times, but that it has no liability under the Texas Limited Liability Act for Doussan Gas's breach as its manager. Sowell argues that although it signed a management agreement with Doussan Gas, the plaintiffs are not third-party beneficiaries under Texas law. The plaintiffs argue that they are third-party beneficiaries of the management contract between Doussan Gas and Sowell because its status as a third-party beneficiary is governed by Louisiana law.

The parties appear to agree that neither Louisiana nor Texas law permits a manager for a limited liability corporation such as Doussan Gas to be held liable for a

corporate debt and the motion is granted as to that issue. The issue of whether Union and GHI are "shell corporations" in not addressed by the movers, and remains for trial.

The focus turns to the issue of whether the Doussan Gas/Sowell management contract can be construed as a third party beneficiary contract in favor of the plaintiffs. The parties appear to agree that in a diversity case, the conflicts law of the forum provides the applicable rule.[3] Under La. Civ. Code art. 3537:

> Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of

---

[3] The general Louisiana conflicts rule, invoked by the movers, is contained in La. Civ. Code art. 3515:

> Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> The state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow f rom subjecting a party to the law of more than one state.

>negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business fo the parties; (2) the nature , type, and purpose for the contract; and (3) the  policies referred  to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

The Court decides the choice of law.  *Waterfowl Limited Liability Co. v. United States*, 473 F.3d 135, 141 (5th Cir. 2007).  Here, the plaintiffs are a Louisiana limited liability corporation with Louisiana citizens as members, Doussan Gas is a Texas limited liability corporation whose members at the time of removal were all Texan, Union is a Nevada corporation with its principal place of business in Texas, GHI is a Nevada corporation with its principal place of business in Texas, and Sowell is a Texas limited partnership headquartered in Texas.[4]   The third party defendants are Louisiana and Florida citizens.  A key party allegedly involved in the management of this property is Leonard Doussan, Jr., a Louisiana citizen.  The subject property is in Louisiana, and the subject matter of this suit derives from the failure of the defendants to procure sufficient flood insurance under a lease pertaining to the property, and the attendant costs pertaining to the losses sustained in Hurricane Katrina.   The Court

---

[4] The Court has asked the parties to submit memoranda addressed to its subject matter jurisdiction.

finds that consideration of the relevant factors mandates that the law of Louisiana applies to the Doussan/Sowell management contract.

Louisiana law pertaining to third-party beneficiary contracts is contained in La. Civ. Code art. 1978:

> A contracting party may stipulate a benefit for ta third person called a third-party beneficiary.
> Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement.

Under Louisiana law, this type of contractual provision is know as a stipulation pour autrui .

> Contractual stipulations in favor of third persons are favored in Louisiana law and are "specifically authorized in broad terms." *Andrepont v. Acadia Drilling Co, Inc.*, 255 La. 347, 357 (La.1969). ... The question of whether a stipulation pour autrui exists is a "question of what was the intention of the parties, and that intention must be gathered, just as in the case of any other contract, from reading the contract, as a whole, in light of the circumstances under which it was entered into." *Allen v. Curry Mfg. Co. v. Shreveport Waterworks Co.*, 37 So. 980, 984 (La.1905); *Concept Design, Inc. v. J.J. Krebs & Sons, Inc.*, 692 So.2d 1203, 1206. Specific factors to be looked at when determining whether a stipulation pour autrui exists include (1) the existence of a legal relationship between the promisee and the third party involving an obligation owed by the promisee to the beneficiary which performance of the promise will discharge; (2) the existence of a factual relationship between the promisee and the third person, where (a) there is a possibility of future liability either personal or real on the part of the promisee to the beneficiary against which performance of the promisee will protect the former; (b) securing an advantage for the third person may beneficially affect the promisee in a material way; (c)there are kinship

> ties or other circumstances indicating a benefit by way of a gratuity was intended. See *Andrepont v. Acadia Drilling Co., Inc.,* 231 So.2d 347, 351 (La.1969).
>
> To establish a stipulation pour autrui, there must not only be a third party advantage, but the third party relationship must form the consideration for the contract, and the benefit may not be merely incidental to it. *City of Shreveport v. Gulf Oil Corp.,* 431 F.Supp. 1, 3-4 (W.D.La.1975), aff'd 551 F.2d 93 (5th Cir.1977). The benefit may not be merely incidental to the contract and the contract must explicitly provide that the direct benefit to the third party constitutes consideration or the condition of the contract. In the *Matter of the Complaint of Dann Marine Towing,* 2004 WL 744881 (E.D.La.2004).

*In re Katrina Canal Breaches Consol. Litigation,* 2007 WL 3353296, **1 -2  (E.D.La.,2007), quoting,  *Rowan Companies, Inc. v. Greater Lafourche Port Commission*, 2006 WL 2228950, *9 (E.D.La. Aug. 2, 2006).

Sowell seeks a declaration that there was no third party benefit under Texas law. Considering that Louisiana, not Texas, law applies, Sowell's motion is denied as moot. The motion does not address whether the Doussan Gas/Sowell management contract is a stipulation pour autrui under Louisiana law, and the Court does not address the issue further.

Accordingly,

IT IS ORDERED that the  motion for summary judgment filed by James E. Sowell Co., L.P. d/b/a Sowell & Co., ("Sowell") Gas Holdings, Inc. ("GHI") and Union

Industrial Gas and Supply, Inc. is PARTIALLY GRANTED, PARTIALLY DENIED and PARTIALLY DENIED as moot.  (Rec. Doc. 159).   The claims against movers as managers of a limited liability corporation are dismissed, and claims arising out of the legally unidentified "independent duty" are dismissed.  Any claims derived from any third-party beneficiary theory, in combination with the "shell corporation theory," remains for trial.

New Orleans, Louisiana, this 28th day of October, 2008.

                HELEN G. BERRIGAN
                UNITED STATES DISTRICT JUDGE