UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOUSSAN PROPERTIES, L.L.C.                    CIVIL ACTION

VERSUS                                         NO. 07-5508

DOUSSAN GAS AND SUPPLY L.L.C.,                 SECTION"C" (1)
ET AL

ORDER AND REASONS

This matter comes before the Court on the following motions filed by DOUS, L.L.C., formerly Doussan Gas & Supply, L.L.C. ("DOUS"), Union Industrial Gas & Supply, Inc. ("Union"), Gas Holdings, Inc. ("GHI") and James E. Sowell Co., L.P. d/b/a Sowell & Co., ("Sowell"): (1) motion to strike testimony of attorney Michael E. Guarisco; (2) motion for clarification; (3) motion to strike testimony of Gemelle Martin Linzy and Gloria Bruno; (4) motion for partial summary judgment; (5) motion to sever claims related to litigation expenses; and (6) motion for extension of deadlines for discovery and (7) amended motion to extend discovery deadline.  Having considered the record, the memoranda of counsel and the law, the Court has rules as follows.

1

**Motion to strike testimony of attorney, Michael E. Guarisco**

The defendants challenge proposed expert testimony from Michael E. Guarisco ("Guarisco"), an attorney whose proposes testimony relative to the meaning of the phrase "full insurable value" in the lease, which phrase the parties apparently agree is ambiguous.  Guarisco opines that the lessee was required under the lease "to obtain ninety (90%) percent of the maximum amount of insurance then available from responsible insurance companies doing business in Louisiana to cover the risks enumerated ..."  (Rec. Doc. 157, Exh. A, p. 1).  The defendants argue that this testimony should be struck because it conflicts with their expert's testimony to the effect that the phrase has "no generally accepted meaning in the insurance industry."  (Rec. Doc. 157, p. 2).  They also argue that Guarisco has no particular expertise in insurance, and that he merely states a legal opinion.  The plaintiffs oppose with the argument that Guarisco was involved in the negotiations and terms of the lease agreement at issue in this lawsuit, his opinion is also fact-based and he has sufficient expertise as a transactional attorney.  The Court finds that Guarisco's proposed testimony is admissible to the extent that any testimony from any witness as to the meaning of the challenged phrase in the lease is admissible.

**Motion for clarification**

The defendants next challenge the plaintiffs' understanding that this matter is to be tried before a jury, based on the jury designation contained in the March 31, 2008, order emanating from the scheduling conference and subsequent jury demands on certain claims. The plaintiffs respond that its May 1, 2008, jury demand was effective as to all parties since it was responsive to the "last pleading directed to the issue" for purposes of Rule 38, the last answer filed. The plaintiffs also argue that Fed. R. Civ. P. 39(b) permits the Court to order trial by jury "on any issue for which a jury might have been demanded."

There are only two jury demands in this record. The first was made on April 2, 2008, by Leonard Doussan, Jr. and Leonard Doussan III as third-party defendants to the third party complaint of DOUS, Union and GHI.[1] These two third party defendants were sued for breach of fiduciary duty with regard to the insurance obligations under the lease in their capacities as former controllers of DOUS and, with respect to Leonard Doussan, Jr., general manager of Union's Louisiana operations at relevant times. (Rec. Docs. 33, 52). In the event that the either DOUS or Union are found liable for breach of

---

[1] The original corporate defendant amended its complaint in December 2007 to include its individual members, including Leonard B. Doussan, Jr., as individual party plaintiffs.

lease with regard to the procurement of the subject insurance on the main demands, they seek recovery from these third party defendants.[2]

The second jury demand on May 1, 2008, followed the filing of the answer of Jeffrey S. Ellis and was made by Doussan Properties, Leonard B. Doussan, Sr., Leonard B. Doussan, Jr. and Jeffrey R. Doussan. (Rec. Doc. 64). The claims against Ellis for tortious interference with contract were subsequently dismissed as prescribed and he is no longer a party to this lawsuit. (Rec. Doc. 152).

The right to jury trial attaches to specific issues, rather than to an entire action." James Wm Moore, *Moore's Federal Practice* § 39.12[2]. Under Fed. R. Civ. P. 38, " [o]n any issue triable of right by a jury, a party may demand a jury trial by ... (1) serving the other parties with a written demand ... no later than 10 days after the last pleading directed to the issue is served ... " (Emphasis added). Here, the first jury demand was made by the two third-party defendants in their capacity as third-party defendants as to the breach of fiduciary duty claims made against them in the third party complaint. The second jury demand was made after Ellis answer; Ellis was sued for tortious interference with contract and was dismissed. The Court finds that the issues involved

---

[2] Many of the individual third party claims against Leonard B. Doussan III and Jeffrey R. Doussan were subsequently dismissed. (Rec. Doc. 151).

4

in the "last pleading" relevant to the two jury demands does not encompass the primary liability for the breach of any lease obligation pertaining to the insurance by the defendants and/or remaining third party plaintiffs.

The plaintiffs argue that they are entitled to a jury trial on all issues because all of the original defendants were "jointly" liable to the plaintiff.  The underlying assumption that joint liability is alleged in this matter is questionable.  In fact, the "last pleading" with regard to both of the jury demands were made by individuals charged with individual liability by virtue of their professional association with the corporate defendants.  None of the issues raised in those "last pleadings" directly involve the contractual obligations owed by the corporate defendants.  The Court finds that the issues surrounding the corporate liability under the lease and secondary responsibility for any such liability are distinct issues for purposes of Rule 38.  In short, the Court finds that the only issues as to which a jury has been demanded in a timely manner are those remaining on the third party demand.

The Court recognizes that Fed. R. Civ. 39 does allow it to "on motion, order a jury trial on any issue for which a jury might have been demanded."  Such a motion is not before the Court and the Court has no opinion what an analysis of the factors relevant to that determination would provide at this time.

**Motion to strike testimony of Gemelle Martin Linzy and Gloria Bruno**

The defendants challenge the testimony of these two licensed insurance agents to the effect that excess flood insurance could have been purchased by the defendants because they are based on the "witnesses' personal opinions based upon their own experience." (Rec. Doc. 160, p. 2). This proposed testimony and methodology apparently conflict with the defendants' expert testimony to the effect that excess flood insurance coverage was not available for purchase. The plaintiffs respond that the testimony of these two witnesses is primarily fact based opinions and based on their professional experience in obtaining insurance coverage for their clients. The Court finds that the testimony of these witnesses is admissible, and defendants' objections are more appropriately addressed through cross-examination.

**Motion for partial summary judgment**

The Court previously denied the motion for partial summary judgment filed by the defendants. (Rec. Doc. 86). The defendants again seek a ruling that"the plaintiffs cannot recover the costs of demolition and reconstruction of new [sic] building if the cost of repairing the flood damage is less than the cost of building a new building." (Rec. Doc. 163, pp. 7-8). "No one can purchase insurance sufficient to pay for

demolition and reconstruction of a building that can be repaired." (Rec. Doc. 163, p. 2). They argue that the plaintiffs lack proof that the cost of the repairs exceeded the cost of the new building. (Rec. Doc. 163, p. 7). Again the defendants largely base this motion on the opinions of their experts that the replacement cost value of repairs is less than the approximate $8,000,000 cost of demolishing and rebuilding and "that Replacement Cost Coverage would only pay for the repair of the building even if the cost of repairs exceed the value of the building." (Rec. Doc. 163, p. 7). Again, the plaintiffs respond that the replacement cost is estimated at the approximate $8,000,000 cost because the building is a total loss, its repair costs exceed the pre-Katrina value of the property, and "it would cost more to repair the building to its pre-Katrina condition than it would to tear down the existing structure if one were to reuse the ... salvageable portion of the existing structure." according to their experts. (Rec. Doc. 192, p. 5). It would appear that there is a dispute as to whether the property can be repaired, whether the repair costs exceed the value of the building rendering it a total loss, and whether the repair costs exceed the pre-Katrina value of the property and the replacement costs, and what those costs are.[3] Again, the Court is not at liberty to disregard the testimony of one party's experts

---

[3] The defendants do not appear to dispute the fact that the plaintiffs' expert provided an approximate $8,000,000 estimate to demolish and replace the building, which is less than his estimated cost of repair.

because their opinions conflict with the other party's expert.

**Motion for severance of claims related to litigation expenses**

The defendants move to separately try the issue of attorney's fees and litigation expenses.  No opposition is filed to this motion.  The determination whether any party is entitled to attorney's fees and costs will be made at trial.   Briefing on the legal basis for recovery of any "litigation expense" will be required.   In the event that any amounts are found owing at trial, the amount of recovery shall be severed and referred to the Magistrate Judge and/or Clerk of Court for determination of the appropriate amount.

**Motion to extend discovery deadline/Amended motion to extend discovery deadline**

In this motion, the defendants move to extend the deadline for completion of certain discovery to be conducted by them.  The plaintiffs respond that they do not oppose the proposed extension,  but that the deadline extension should also extend to the benefit of the plaintiffs without giving a specific justification.  The defendants object to the extension for plaintiffs.  The defense motions appear justified.

**Subject matter jurisdiction**

This matter was previously dismissed for lack of diversity jurisdiction due to the presence of Leonard Doussan, Jr. as a member of plaintiff Doussan Properties, L.L.C. and defendant Doussan Gas and Supply L.L.C. *Doussan Properties, L.L.C. v. Union Industrial Gas & Supply, Inc., et al*, Civ. Act. No. 06-4167 "T" (E.D.La. July 27, 2007). This state law suit was removed after the membership of Leonard Doussan, Jr. in the defendant limited liability corporation DOUS was redeemed. (Rec. Doc. 1). After removal, Leonard Doussan, Jr. was subsequently named as an individual plaintiff and as a third-party defendant to the third party complaint by DOUS and Union. The Court is concerned that it may lack subject matter jurisdiction for several reasons, including the possibility that this party should be realigned as a defendant and the legal impact of the language in the redemption agreement contending that the redemption has no bearing on claims or causes of action, including the claim over the lack of adequate flood insurance.

Accordingly,

IT IS ORDERED that: (1) the motion to strike testimony of attorney Michael E. Guarisco is DENIED (Rec. Doc. 157); (2) the motion for clarification, treated as a motion

to strike jury demand, is PARTIALLY GRANTED, PARTIALLY DENIED and PARTIALLY DEFERRED (Rec. Doc 158); (3) the motion to strike testimony of Gemelle Martin Linzy and Gloria Bruno is DENIED (Rec. Doc. 160); (4) the motion for partial summary judgment is DENIED (Rec. Doc. 163); (5) the motion to sever claims related to litigation expenses is GRANTED (Rec. Doc. 166); and (6) the motion for extension of deadlines for discovery and amended motion to extend discovery deadline is PARTIALLY GRANTED and PARTIALLY DENIED(Rec. Docs. 181, 185, 217, 218).

IT IS FURTHER ORDERED that by November 3, 2008, the parties shall submit memoranda directed to the issue whether this Court has subject matter jurisdiction. The parties should discuss in their memoranda whether Leonard Doussan Jr. should be realigned as a defendant and the legal impact of the language in the redemption agreement.

New Orleans, Louisiana, this 28th day of October, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE