UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOUSSAN PROPERTIES L.L.C.                                    CIVIL ACTION

VERSUS                                                       NO. 07-5508

DOUSSAN GAS AND SUPPLY L.L.C., ET AL                         SECTION "C"(1)

ORDER AND REASONS

This matter comes before the Court on the issue of subject matter jurisdiction. Having considered the record, the memoranda of counsel and the law, the Court has determined that it lacks subject matter jurisdiction for the following reasons. The Court ordered briefing on issue of subject matter jurisdiction presented by the pleadings and has provided the parties with ample opportunity to present their arguments.

Both sides to this dispute have demonstrated their desire to litigate in this forum. Subject matter jurisdiction was first examined by Judge Porteous in *Doussan Properties, L.L.C. v. Union Industrial Gas & Supply, Inc., et al*, 2007 WL 2177691 (E.D.La.). That suit was originally filed in this court on August 9, 2006, as Civ. Act. 06-4167, and diversity jurisdiction was found lacking on July 27, 2007, due to the membership of Leonard B. Doussan, Jr., a Louisiana resident, in both the plaintiff company Doussan Properties

L.L.C. ("Doussan Properties") and Doussan Gas and Supply, L.L.C. ("Doussan Gas"). That successful motion to dismiss for lack of jurisdiction was filed by Union Industrial Gas & Supply, Inc. ("Union"), Gas Holdings, Inc. ("GHI"), and Doussan Gas.  (Civ. Act. 06-4167 "T", Rec. Doc. 30).

Doussan Properties re-filed in state court on July 5, 2007, against Doussan Gas, Union, GHI, and Jeffrey S. Ellis ("Ellis").  On September 11, 2007, the defendants DOUS, L.L.C. ("DOUS"), formerly known as Doussan Gas, GHI and Union removed that suit based on the alleged newly-acquired diversity citizenship of DOUS.  During the Court's examination into subject matter jurisdiction, the parties first advised that Doussan Gas amended its name to DOUS in January 2007, during the pendency of the original suit before Judge Porteous and prior to dismissal for lack of subject matter jurisdiction.  No motion to substitute DOUS as a party to replace Doussan Gas was made in Judge Porteous's case, and no such motion has been filed in state or federal court in this matter.

After the dismissal by Judge Porteous but prior to removal of the second suit on September 11, 2007,  GHI, BTU Gases, L.L.C., DOUS, and Leonard B. Doussan, Jr. agreed to redeem Leonard B. Doussan, Jr.'s stock in DOUS on August 23, 2007.  The parties appear to agree that this redemption eliminated the diversity problems

associated with the membership of Leonard B. Doussan, Jr. in the plaintiff Doussan Properties, the unnamed DOUS defendant, and apparently the named party defendant Doussan Gas as well.

Doussan Properties, who had previously attempted to invoke original jurisdiction with Judge Porteous in this Court, never challenged the propriety of the removal.  Instead, on December 18, 2007, the plaintiffs amended their complaint to include Leonard B. Doussan, Jr., as an individual party plaintiff  "in the alternative as owner[] of the property and part[y] to the Lease Contract with Defendants.  (Rec. Doc. 26, ¶ XXXIV).[1]  Shortly thereafter,  Leonard B. Doussan, Jr. was named as a third party defendant by DOUS, Union and GHI on January 11, 2008.  (Rec. Doc. 33).[2]  On March 10, 2008, Judge Porteous transferred this matter to the undersigned.

---

[1] In Court-ordered supplemental memorandum on the issue of subject matter jurisdiction, the plaintiff maintains that the individual Doussans were added as parties plaintiff "in their capacity as lessors," which conflicts somewhat with the allegations of its amended complaint itself that the amendment was in the capacity of owner as well, as well as the Court's recollection of counsel's comments at the pre-trial conference. (Rec. Docs. 26, ¶ XXXIV, 276, p. 4).

[2] In light of the plaintiff's  attention to detail in this pleading, the Court is perplexed by the recent revelation that Doussan Properties filed another petition for the same damages on the same property.  It voluntarily dismissed that suit on September 11, 2008, without ever naming the individual members of Doussan Properties as plaintiffs.  *Doussan Properties, L.L.C. v. Illinois Union Insurance Co.*, Civ. Act. 07-9685 "R."

A number of procedural problems are presented by the record. With regard to the failure of any party to substitute DOUS for Doussan Gas, La. Code Civ. P. 807 provides: "[w]hen a party to an action transfers an interest in the subject matter thereof, the action shall be continued by or against such party, unless the court directs that the transferee be substituted for or joined with the transferor." Under Fed. R. Civ. P. 25(c), "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Although the parties may have been aware of the surrounding circumstances leading to the January 2007 change of name at all times during the pendency of Judge Porteous's case and this matter, they informed the Court only recently in response to Court-ordered memoranda on the issue of subject matter jurisdiction. The record reflects, nonetheless, that only Doussan Gas was named as a party defendant at the time of removal, even though it no longer existed.

The parties appear to be equally comfortable with the circumstances presented by the redemption of Leonard B. Doussan, Jr.'s stock in DOUS, which provoked removal. Again, a close reading of the redemption agreement indicates that it is between GHI, BTU Gases, L.L.C., DOUS and Leonard B. Doussan, Jr., without mention

4

of Doussan Gas, the only named properly party defendant at the time of removal.[3] Assuming that the problems presented by the lack of substitution of parties defendant are not determinative, the language presented in the redemption agreement concerning this lawsuit is.

The redemption agreement provided that Leonard B. Doussan, Jr. dismiss a state court suit against Doussan Gas and GHI, while retaining all of his rights in this lawsuit.

> It is the intention of the parties to this Agreement that no other claims or causes of action held by any party against any other party are released of affected by this Agreement or by dismissal of the Lawsuit, including (without limitation) any and all claims relating to the business operations of Doussan Gas & Supply, LLC and/or Union Industrial Gas & Supply, Inc., conducted at 2525 St. Bernard Avenue, New Orleans, Louisiana or the alleged failure to secure adequate insurance for the business and/or the alleged failure to remove personal property from the site.

(Rec. Doc. 1, Exh. B). Without addressing the language itself, the defendants originally argued that the "purpose of this language was to acknowledge that the parties were resolving only the ownership interests of Doussan, Jr. in DGS, GHI and BTU and related

---

[3] The redemption agreement involves the following redemption: Subject to the terms and conditions of this Agreement ... the Company [GHI], DOUS and BTU will redeem, and Doussan will surrender all of his right, title and interest in 1) any equity interest in the Company [GHI], including but not limited to the Stock to the Company [GHI], ii) any equity interest in BTU... and (iii) any equity interest in DOUS, including but not limited to the .9704 of a membership unit in DOUS to DOUS ...

5

litigation, and that they were reserving all claims related to business operations at the Property ..." and that "[c]ertainly, the parties were not attempting to 'create' diversity jurisdiction." (Rec. Doc. 234, p. 7). The plaintiffs merely agreed with the position advanced by the defendants on the issue of subject matter jurisdiction in their original memorandum. (Rec. Doc. 238).

The Court's reading of the clear language of the stock redemption inidcates that Leonard B. Doussan, Jr.'s interest in the claims contained in this lawsuit, including his interest as plaintiff, defendant and third-party defendant, are not affected by the redemption agreement, and that the rights reserved include the rights and liabilities derived from his stock ownership in DOUS and/or Doussan Gas. To the extent that his rights and/or liabilities in this suit pertain to the stock, they have been reserved, and he remains a member of DOUS and/or Doussan Gas for purposes of diversity jurisdiction.

The parties memoranda would support only a finding of jurisdiction based on consent. That is not permitted under the law. The parties may neither consent to nor waive federal subject matter jurisdiction. <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999). At best, neither the defendant nor the plaintiff provide any basis upon which the Court can ascertain the propriety of its jurisdiction.[4] The Court does not

---

[4] Under 28 U.S.C. § 1359, "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or

address whether a case or controversy exists based on the membership interests of the corporate parties and the nature of the claims made.  Based on the record and the law, the Court finds that the defendants have not established subject matter jurisdiction.

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c) .

New Orleans, Louisiana, this 17th day of December, 2008.

*[signature]*
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

collusively made or joined to invoke the jurisdiction of such court."